**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAUL CARUSO, : |  |
| : | CIVIL ACTION NO. 07-913 (MLC) |
| Plaintiff, : |  |
| : | **MEMORANDUM OPINION** |
| v. : |  |
| : |  |
| WAL-MART STORES, INC., : |  |
| : |  |
| Defendant. : |  |

**COOPER, District Judge**

Plaintiff, Paul Caruso, alleges a claim to recover damages for personal injuries against defendant, Wal-Mart Stores, Inc. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)  Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c).  (Dkt. entry no. 5.)  Plaintiff opposes the motion.  (Dkt. entry no. 8.)  For the reasons stated herein, the Court will grant the motion.

**BACKGROUND**

Plaintiff visited a Sam's Club store, owned by defendant, in Freehold, New Jersey on October 14, 2005.  (Compl., at ¶ 1.) While in the store, plaintiff was struck by a shopping cart utilized by an unidentified individual.  (Id. at ¶ 4.)  Plaintiff subsequently brought an action in New Jersey state court, alleging that defendant's negligence "in the method of operation of its store and in its failure to assist the plaintiff to identify the perpetrator of the incident" caused plaintiff

various damages, including personal injury and medical expenses. (Id. at ¶ 7.)

Defendant removed the action to this Court on the basis of diversity jurisdiction. (Rmv. Not.) Defendant now moves for summary judgment, arguing that there is no genuine issue of material fact that defendant did not breach any duty owed to plaintiff. (Dkt. entry no. 5, Def. Br., at 2-4.) Specifically, defendant argues that it did not owe any duty to protect plaintiff from the unforeseeable act of the unidentified individual striking plaintiff with a shopping cart. (Id.) Plaintiff opposes the motion, arguing, inter alia, that defendant breached its duty to protect plaintiff from unsafe conditions in the store because the aisle where he was struck was crowded, causing the unidentified individual to strike him. (Dkt. entry no. 8, Pl. Br., at 2-4.)

## DISCUSSION

**I.   Legal Standards**

**A.   Summary Judgment Standard**

Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Id. The summary judgment movant bears the initial burden of showing that there is no genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must set out specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-48 (emphasis in original).  A fact is material only if it might affect the action's outcome under governing law.  Id. at

248.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

    **B.   Negligence Standard**

Neither party disputes that, as this is a diversity case, the Court must apply the law of the forum state here, New Jersey. Woessner v. Air Liquide Inc., 242 F.3d 469, 472 (3d Cir. 2001). Under New Jersey law, a negligence cause of action has three essential elements: (1) a duty of care owed by defendant to plaintiff, (2) a breach of that duty by defendant, and (3) an injury to plaintiff proximately caused by defendant's breach. Thompson v. Garden State Arts Ctr., No. A-3299-05T5, 2007 WL 1598616, at *2 (App. Div. June 5, 2007).  Whether a duty exists and what the scope of that duty is are questions of law.  Id. Whether a breach of a duty occurred is normally a question of fact for the jury.  Id.  However, summary judgment may also be appropriate as to this issue if the Court is satisfied that a rational fact finder could not conclude defendant breached a duty owed to plaintiff.  Id.

**II.  Legal Standards Applied Here**

The Court finds that summary judgment is appropriate here, as no genuine issues of material fact exist as to whether

defendant breached a duty owed to plaintiff.  Defendant relies on one case, <u>Znoski v. Shop-Rite Supermarkets, Inc.</u>, 122 N.J.Super. 243 (App. Div. 1973), arguing that the facts here mirror those in <u>Znoski</u>.  (Def. Br., at 2-3.)  In that case, as here, an unknown individual hit a plaintiff with a shopping cart in a supermarket. <u>Znoski</u>, 122 N.J.Super. at 246.  The <u>Znoski</u> court held that the supermarket did not have a duty to a plaintiff to take measures to guard against its customers misusing shopping carts.  <u>Id.</u> at 248-49.  The <u>Znoski</u> court also noted, however, that the supermarket did have a duty to furnish a reasonably safe place and safe equipment for its patrons.  <u>Id.</u> at 248.  It was undisputed that the supermarket did not breach that duty.  <u>Id.</u> at 246-47.

    We find that <u>Znoski</u> is instructive here.  Plaintiff does not contend that the unidentified individual who struck him was misusing the shopping cart, and defendant would have no duty of care based on such an allegation under <u>Znoski</u>.  (Pl. Br., at 2.) <u>Znoski</u>, 122 N.J.Super. at 248-49.  Rather, plaintiff alleges that the aisle where he was struck was crowded, and the lack of adequate space caused the unidentified individual to strike him with the shopping cart.  (Dkt. entry no. 8, Pl. Aff., at ¶¶ 3-4.) This factual allegation, without more, would not support a finding that the Sam's Club store failed to furnish a reasonably safe place and safe equipment for its patrons, a duty recognized

5

in Znoski.  A visibly crowded aisle in a large store catering to large numbers of shoppers is an ordinary incident of the shopping experience in such stores.  Plaintiff cites no New Jersey authority to the contrary.

The evidence adduced by plaintiff indicates no unusual aisle conditions or equipment problems at the time of plaintiff's injury, beyond the common situation of a crowded aisle.  This evidence does not support any reasonable inference that defendant breached its duty to its customers in the circumstances.  Thus, defendant is entitled to summary judgment.

## CONCLUSION

For the reasons stated supra, the Court will grant defendant's motion for summary judgment.  There is no need to conduct an oral hearing, as the papers filed by the parties were sufficient.  See Fed.R.Civ.P. 78(b).  The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper       
**MARY L. COOPER**
United States District Judge

**Dated**: April 7, 2008